UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **LEWIS BROWN,** | ) | Case No. 5:00CV1650 |
| | ) | 5:95CR0147 |
| Petitioner, | ) | |
| | ) | |
| | ) | JUDGE O'MALLEY |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **MEMORANDUM & ORDER** |
| Respondent. | ) | |

On May 28, 2008, Petitioner Lewis Brown filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking to reopen this Court's previous denial of his petition for habeas relief under 28 U.S.C. § 2255. Brown alleges that this Court erred in failing to consider his "Opposition to the Government's Response." He further contends that "[t]he entire field of law in regards to Rule 60(b) motions ha[s] been clarified by the United States Supreme Court case," *Gonzalez v. Crosby.* 545 U.S. 524 (2005). For the reasons stated below, this motion is **DENIED**.

**I.      PROCEDURAL HISTORY**

On February 13, 1997, a jury convicted Brown on drug and firearm charges. Thereafter, Brown appealed his conviction to the United States Court of Appeals for the Sixth Circuit alleging that this Court abused its discretion in allowing jury deliberations to proceed to verdict with eleven jurors, erred in denying his *Batson* challenge to the government's peremptory strike of a potential African-American juror, and erred in denying his post-conviction motion for dismissal of the indictment for outrageous government conduct during trial. The Sixth Circuit

found Brown's arguments unmeritorious and affirmed his conviction. *See, United States v. Brown*, 182 F.32d 919 (6th Cir. 1999).

On June 30, 2000, Brown filed a motion in this Court pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction and/or modify his sentence. In his petition, Brown alleged the following claims:

1. ineffective assistance of trial counsel for failure to investigate and to subpoena witnesses;

2. ineffective assistance of trial counsel for failure to permit petitioner to testify on his own behalf;

3. ineffective assistance of trial counsel for failure to object to "consecutive" sentences – that is, imprisonment and $50 special assessments – imposed by the Court;

4. insufficient evidence to support Brown's conviction for carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c);

5. invalid conviction for carrying a firearm during and in relation to a drug trafficking offense because Congress exceeded its authority under the commerce clause in enacting 18 U.S.C. § 924(c);

6. a downward departure was appropriate to reflect his post-conviction rehabilitation efforts;

7. a downward departure was appropriate based upon his status as a deportable alien; and

8. ineffective assistance of appellate attorney in failing to raise meritorious issues on direct appeal.

On or about August 30, 2000, Brown supplemented his petition with the following claims:

1. he was entitled to "discovery";

2. the trial record was "devoid" of evidence to support the judgment of conspiracy to traffic cocaine;

-2-

3. ineffective assistance of trial and appellate counsel on the basis of "cumulative" errors;[1]

4. he was entitled to collaterally attack his prior state convictions by virtue of new legal precedent;

5. the indictment's count alleging conspiracy failed to allege a "critical" element of the offense (the drug amount);

6. the language of the indictment's count alleging possession with intent to distribute failed to specifically use the terms "aiding and abetting"; and

7. the indictment's count charging substantive drug offense failed to allege a "critical" element of the offense (the drug amount).

The government filed separate responses to Brown's habeas petitions on September 8, 2000 and October 27, 2000.

On September 22, 2000, this Court granted Brown's motion requesting an extension of time to file a reply brief to the government's response to his original petition. In granting Brown's motion, the Court made clear that any additional pleadings would be due on or before November 14, 2000. On November 6, 2000, Brown requested more time to reply to the government's response to his supplemental petition. On November 10, 2000, this Court denied Brown's second request for an extension of time. Brown failed to file a reply to the government's response to his supplemental petition on or before this Court's prescribed deadline of November 14, 2000.

---

[1] In particular, Brown contended that his counsel's conduct of failing to seek exclusion of two kilograms of cocaine discovered on March 21, 1995, on chain of custody grounds and his failure to assert other issues presented in the supplemental petition constituted ineffective assistance of counsel.

On November 14, 2000, the district court denied Brown's § 2255 motion.[2] On November 17, 2000, Brown filed his "Opposition to the Government's Response." On November 27, 2000, Brown filed an additional reply in opposition of the government's response to his "supplemental" motion for relief.

On December 11, 2000, Brown filed a motion for relief from the Court's denial of his § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b). In his 60(b) motion, Brown contended that the Court erred in failing to consider his "Opposition to the Government's Response." Brown also alleged that the Court misconstrued his arguments and erroneously denied him relief. Furthermore, Brown sought a stay from the district court's certificate of appealability. Specifically, Brown argued that the court erred in failing to issue a certificate encompassing all the arguments that he advanced before the district court. In an opinion filed January 19, 2001, this Court denied Brown's motion in its entirety and held that the November 14, 2000 decision was not "premature." Brown filed no appeal from this order.

In the meantime, on December 14, 2000, Brown appealed this Court's denial of his § 2255 motion. Brown did not argue in that appeal that this Court had erred in not considering his untimely filings. The Sixth Circuit denied Brown a certificate of appealability as to any issue not certified by this Court. The Sixth Circuit also affirmed this Court's denial of Brown's § 2255 motion. *Brown v. United States*, 73 Fed. Appx. 875 (6th Cir. 2003).

Brown is now before this Court again seeking post-judgment relief on the ground that this Court's November 14, 2000 decision was premature.

---

[2] The Court did, however, issue a limited certificate of appealability on the issue of whether Brown was entitled to collaterally attack the prior state court convictions upon which his status as a career offender depended.

-4-

II.	ANALYSIS

**A. Brown's motion pursuant to Federal Rule of Civil Procedure 60(b) does not constitute a "second or successive" § 2255 petition and is therefore not barred by the Anti-Terrorism and Effective Death Penalty Act of 1996.**

Brown's motion for post-judgment relief asserts an alleged procedural defect in the integrity of this Court's federal habeas proceeding and is, therefore, not the functional equivalent of a second or successive § 2255 petition subject to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Rule 60(b) allows a party to seek relief from a final judgment and request reopening his case where certain circumstances are present.³  "[A] Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez,* 545 U.S. at 538.  In reaching this decision, the *Gonzalez* Court emphasized that "Rule 60(b)...applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Id.* at 529.  As such, the Court found that, where a 60(b) motion advances a "claim" for relief, the motion is, in effect, a second or successive habeas petition subject to the AEDPA. *Id.* at 531.  Specifically, the Court determined that a 60(b) motion which "attacks the federal court's previous resolution of a claim *on the*

---

³In particular, rule 60(b) provides, "[o]n motion and upon such terms as are just, the court may relieve a party ... from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgement should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

*merits*" is the functional equivalent of a second or successive petition for habeas relief. *Id.* at 532. However, the Court noted that a Rule 60(b) motion should not be construed as a second or successive habeas petition where the movant seeks to attack the "integrity of the federal habeas proceeding, such as by asserting that a previous ruling which precluded a merits determination was in error."[4] Thus the Court's holding recognized that a 60(b) motion that attacks "some defect in the integrity of the habeas proceeding," rather than "the substance of the federal court's resolution of a claim on the merits" does not amount to a second or successive habeas petition and is therefore not subject to the requirements of the AEDPA. *Id.*

      A Rule 60(b) motion that does not assert an error in the underlying conviction and would not constitute a federal basis for relief is not to be construed as a second or successive habeas petition. *Mitchell v. Rees*, 261 Fed. Appx. 825, 829 (6th Cir. 2008). In *Mitchell*, the petitioner filed a motion seeking post-judgment relief pursuant to Rule 60(b) on the grounds that he was erroneously denied an evidentiary hearing. *Id.* at 828. The Court held that petitioner's Rule 60(b) motion did not constitute a second or successive habeas petition because it did not assert an error in the state conviction and would not constitute a federal basis for relief. *Id.* at 829. In this case, Brown essentially reasserts the argument advanced in his December 2000 motion for post-judgment relief – that this Court's November 14, 2000 ruling, denying his habeas motion, was premature. As in *Mitchell*, Brown's motion for post-judgment relief does not attack his underlying conviction. Furthermore, neither the petitioner in *Mitchell* nor Brown asserted a

---

[4] The Court provided examples, including: failure to exhaust, procedural default, or statute-of-limitations bar. *Id.* at 532 n.4.

claim that would constitute a federal basis for relief. Consequently, Brown's motion for post-judgment relief does not amount to a second or successive habeas petition.[5]

### B. Brown's motion does not satisfy the requirements of Federal Rule of Civil Procedure 60(b).

While Brown's motion for post-judgment relief does not constitute a second or successive habeas petition, in order to prevail, he must satisfy the requirements of Rule 60(b). *Mitchell*, 261 Fed. Appx. at 829. First, a Rule 60(b) motion cannot be brought as a substitute for a direct appeal. *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Furthermore, a motion brought under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Finally, the movant must demonstrate that "extraordinary circumstances" justify reopening a final judgment. *Abdur'Rahman v. Bell*, 439 F.3d 738, 741 (6th Cir. 2007). As explained further below, Brown has failed to satisfy each of these necessary requirements. Accordingly, this Court denies Brown's motion for post-judgment relief.

### 1. Brown's motion pursuant to Federal Rule of Civil Procedure 60(b) reasserts an argument that he failed to raise on direct appeal.

A Rule 60(b) motion is neither a substitute for, nor a supplement to, a direct appeal. *Gencorp, Inc. V. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.* 867 F.2d 291, 294 (6th Cir 1989)). The Supreme Court has held that a party

---

[5] It should also be noted that the *Mitchell* Court clarified that "the focus of the inquiry is not on whether the court reached the merits of the original petition but on whether the Rule 60(b) motion contains a claim." *Id.* at 830. As such, the fact that this Court actually reached the merit's of Brown's habeas petition does not weigh against the finding that Brown's Rule 60(b) motion does not constitute a second or successive habeas motion. Therefore, following *Mitchell*, this Court concludes that Brown's Rule 60(b) should not be construed as a second or successive habeas petition subject to the AEDPA.

cannot be relieved of his choice not to pursue an appeal even when "hindsight seems to indicate to him that his decision not to appeal was probably wrong." *See Ackermann*, 340 U.S. at 198 (holding that petitioner's conscious decision not to appeal precluded reopening, final judgment under Rule 60(b)(6)). Specifically, the Court noted that "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Id.* In this case, Brown indicated an intent to appeal this Court's January 19, 2001 decision.[6] Despite this expressed intent, Brown failed to appeal this Court's decision on that point. Brown is not permitted to resurrect this argument in the form of a Rule 60(b) motion when his decision not to appeal was "free, calculated, and deliberate." *See also, Gencorp*, 477 F.3d at 373 (denying plaintiff's Rule 60(b) motion and emphasizing that "arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b)(6) motion"). Accordingly, Brown's initial failure to appeal the alleged error that he asserts before this Court today as a basis for reopening judgment would, by itself, be fatal to his Rule 60(b) motion.

### 2. Brown's motion pursuant to Federal Rule of Civil Procedure 60(b) is untimely.

Brown filed this motion for post-judgment relief eight years after this Court denied his § 2255 motion and a full four years after all appellate process on the matter was complete. As such, the Court finds that Brown's motion is untimely. A motion for post-judgment relief brought pursuant to Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Whether a motion for post-judgment relief has been filed within a "reasonable" time depends upon the facts of a given case "including the length and the circumstances of the

---

[6] As noted in the preceding section, this Court determined that the November 14, 2000 ruling denying Brown habeas relief was not premature.

delay...and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  The Sixth Circuit, however, has held that a Rule 60(b) motion filed more than three years after final judgment is untimely.  *Blachy v. Butcher*, 129 Fed. Appx. 173, 179 (6th Cir. 2005); *Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 U.S. App. LEXIS 14136, at *10 (6th Cir. June 23, 1999); *see also,* Davis *v. Warden, Fed. Transfer Ctr.*, 259 Fed. Appx. 92, 94-95 (10th Cir. 2007) (affirming the district court's dismissal of habeas petitioner's motion to reopen the court's decision dismissing his § 2241 petition, pursuant to Rule 60(b)(6), as untimely where petitioner waited almost three years to file for post-judgment relief and failed to provide any viable excuse for the delay).

  Petitioner's motion for post-judgment relief comes before this Court a full four years subsequent to the completion of all appellate process.  Furthermore, petitioner filed his Rule 60(b) motion more than three years after the Supreme Court rendered the *Gonzalez* decision.  Petitioner contends that he delayed filing for post-judgment relief out of "respect for the back log in the judicial system."  Petitioner also alleges that he filed his Rule 60(b) motion late "to ensure that [his] brief [was]…meritorious."  In support of his contention that these concerns excuse his delay, petitioner cites  – *Menier v. United States*, 405 F.2d 245 (5th Cir. 1968).  *Menier* is inapposite, however.  That case set aside a judgment against a former bankruptcy debtor based on several factors, including inaction by the government in not obtaining a default judgment promptly so that it would be discharged in bankruptcy court, unusual delay by the courts in deciding the contest over priorities, the government's failure to notify the plaintiff that it secured a judgment, and the fact that the appellant was without counsel in the underlying action and insolvent.  *Id.* at 248.

In this case, Brown had ample time to move to reopen this Court's decision denying his §2255 motion pursuant to Rule 60(b) in light of any perceived clarification provided by *Gonzalez*. While the Court appreciates Brown's professed diligence in attempting to assure that all briefs filed on his behalf are "meritorious," the Court does not accept his implicit argument that filing a compelling and well-structured brief takes over three years or his express argument that this need alone justifies disregard of reasonable timeliness requirements. Accordingly, the Court finds that Brown's motion for post-judgment relief pursuant to Rule 60(b)(6) is untimely.

### 3. Brown's motion pursuant to Federal Rule of Civil Procedure 60(b) does not present "extraordinary circumstances" justifying relief under Rule 60(b)(6).

While the untimeliness of Brown's filing is by itself sufficient to deny him post-judgment relief, the Court also finds that Brown's motion does not present "extraordinary circumstances" warranting relief under Rule 60(b)(6). Rule 60(b)(6) allows a court the opportunity to relieve a party from final judgment for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). In order to prevail on a motion brought under Rule 60(b)(6), the movant must demonstrate that "extraordinary circumstances" justify reopening a final judgment. *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *Harbison v. Bell*, 503 F.3d 566, 569 (6th Cir. 2007). It is clear that "relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity mandate relief." *Gencorp, Inc. V. Olin Corp.* 477 F.3d 368, 374 (6th Cir. 2007). Although the decision to grant relief under Rule 60(b)(6) is a case-by-case inquiry, "a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Stokes v. Jessie Williams*, 475 F.3d 732, 736 (6th Cir. 2007); quoting *Blue Diamond Coal Co. v. Trustees of United Mine Workers of America Combined Benefit Fund*, 249

F.3d 519, 524 (6th Cir. 2001); *Goins v. Saunders*, 206 Fed. Appx. 497,499 (6th Cir. 2006) (noting that an intervening change of law generally does not qualify as "extraordinary circumstances").

The *Gonzalez* Court determined that the change in decisional law at issue in that case did not constitute extraordinary circumstances for purposes of Rule 60(b)(6) on facts even more compelling than those presented here. 545 U.S. at 537. In *Gonzalez*, the petitioner sought post-conviction relief in the United States District Court for the Southern District of Florida from a state court conviction. *Id.* at 526. The district court relied on Eleventh Circuit precedent – holding that an application for post-conviction relief was not "properly filed" if the state court dismissed it as procedurally time barred – to dismiss petitioner's motion as barred by the AEDPA's statute-of-limitations.[7] Thereafter, on November 7, 2000, the United States Supreme Court decided *Artuz v. Bennett* which reversed the relevant Eleventh Circuit precedent and held that an "application for state post-conviction relief can be 'properly filed' *even if* the state courts dismiss it as procedurally barred." *Id.* (emphasis added).

In response to the *Artuz* decision, Gonzalez filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) in the district court asserting that the court's previous decision dismissing his habeas action as time barred was erroneous. *Id.* The Supreme Court held that a change in the interpretation of the AEDPA's statute-of-limitations did not present an "extraordinary circumstance" justifying reopening the final judgment pursuant to 60(b)(6). *Id.* at 536-37. In reaching this result, the Court first noted that petitioner's only basis for relief from

---

[7] *Id.* at 527; According to Section 2244(d)(2), the statute-of- limitations for filing a federal habeas action is tolled during the pendency of a "properly filed" application for state post-conviction relief.

the denial of his habeas petition was the *Artuz* decision showing that the district court erroneously ruled on the statute-of-limitations issue. *Id.* at 536. The Court then went on to acknowledge that the district court's interpretation was consistent with the then-prevailing Eleventh Circuit interpretation of 28 U.S.C. § 2244(d)(2), and noted that "[i]t is hardly extraordinary that subsequently...this Court arrived at a different interpretation." *Id*. The Court also found that Gonzalez's failure to challenge the district court's decision concerning the statute-of-limitations issue constituted a lack of diligence despite the current state of law indicating that such a challenge would be unavailing. In particular, the Court noted that "this lack of diligence confirms that *Artuz* is not an extraordinary circumstance justifying relief from the judgment in petitioner's case." *Id.* at 537.

In applying *Gonzalez* to this case, the Court concludes that, like the petitioner in *Gonzalez*, Brown has failed to demonstrate extraordinary circumstances that warrant reopening this Court's final judgment denying his § 2255 motion. First, both the petitioner in *Gonzalez* and the petitioner in this case exhibited a similar "lack of diligence" in failing to appeal the issue upon which they later sought post-judgment relief. In particular, just as *Gonzalez* failed to appeal the statute-of-limitations issue, the petitioner here failed to appeal this Court's denial of his habeas motion on the ground that it was premature. More importantly, the change in decisional law at issue in *Gonzalez* – found not to constitute extraordinary circumstances for purposes of 60(b)(6) – would have actually changed the district court's ruling concerning the statute-of-limitations issue; here, the *Gonzalez* decision would not have affected this Court's decision that the November 14, 2000 ruling was not premature.

Specifically, the district court in *Gonzalez* dismissed Gonzalez's habeas motion based on then-prevailing Eleventh Circuit interpretation of the statute-of-limitations which was later found to be erroneous by the United States Supreme Court in an unrelated case – *Artuz v. Bennett*. Thus, had the Supreme Court decided *Artuz* prior to the district court's consideration of Gonzalez's habeas motion, the district court in that case would not have dismissed petitioner's motion on the ground that the statute-of-limitations expired.

Those circumstances simply are not present in this case. The Supreme Court holding in *Gonzalez* would not have affected this Court's determination that the November 14, 2000 ruling was not "premature." Again, *Gonzalez* held that a motion for post-judgment relief that attacks a procedural defect of federal habeas proceedings does not constitute a second or successive habeas petition for purposes of the AEDPA. This Court did not deny petitioner post-judgment relief on the ground that his motion constituted a second or successive habeas petition, however. In rejecting petitioner's argument that this Court denied habeas relief prematurely, this Court recognized that petitioner had one extension of time to file a reply to the government's response to his initial petition and that he failed to move for additional time with respect to the second reply brief until after the due date had already passed. Consequently, the *Gonzalez* decision can hardly be seen as an "extraordinary circumstance" justifying post-judgment relief pursuant to 60(b)(6). *See also, Goins,* 206 Fed. Appx. at n.2 (noting that the petitioner's motion for post-judgment relief presented less extraordinary circumstances than the petitioner's motion in *Gonzalez* because it was questionable whether the caselaw cited by petitioner would have compelled the district court to reach a contrary decision); *Stokes*, 475 at 737 (holding that a change in decisional law which extended the tolling period of the statute-of-limitations for

seeking habeas relief did not constitute an "extraordinary circumstance" for purposes of petitioner's motion for post-judgment relief pursuant to Rule 60(b)(6)).

### III. CONCLUSION

For all of the foregoing reasons, Brown's motion for relief from judgment is **DENIED** in its entirety.

**IT IS SO ORDERED.**

                                                    s/Kathleen M. O'Malley
                                                  **KATHLEEN McDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED:** November 20, 2008