**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:95 CR 0147 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| LEWIS BROWN, | ) | **OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Lewis Brown's Motion to Reduce Sentence under 3582 as Interpreted in the First Step Act of 2018 Addressing Compassionate Release.  ECF Doc. 244.  In September 1997, a jury found Brown guilty of conspiracy to distribute cocaine, use and carry of a firearm and possession with intent to distrubte 2 kilograms of cocaine.  Brown was sentenced to 420 months (or 35 years) incarceration.  He is currently being held at Texarkana FCI with an expected release date of December 31, 2024.[1]

It appears that Brown has exhausted his request for a sentence reduction by seeking compassionate release.  ECF Doc. 244-1.  However, he has not shown extraordinary and compelling reasons warranting a sentence modification.  Under 18 U.S.C. § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing

---

[1] Federal Bureau of Prisons Inmate Search as of April 15, 2022.

factors located at 18 U.S.C. § 3553(a).  18 U.S.C. §3582(c)(1)(A).  Here, Brown has not shown the first required element for compassionate release.

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").  Brown's motion does not show any extraordinary or compelling reason warranting a reduction of his sentence.  The letter attached to his motion states that he has been diagnosed with "esophageal reflux, umbilical hernia, osteo arthrosis, nerve pain, neuralgia neuritis, radiculitis, tinea pedis, dermatophytosis, and glaucoma." None of these conditions puts Brown at a greater risk for developing a more severe response to COVID-19.  And the letter also indicates that Brown's medical status is considered stable.[2]  This is the only evidence Brown has submitted with his motion.  He has not shown (or even argued) that an extraordinary and compelling reason warrants a reduction of his sentence.

Brown argues that his sentence would be different if he were sentenced today.  However, non-retroactive sentencing changes alone do not constitute extraordinary and compelling reasons for reducing Brown's sentence.  *See United States v. Jarvis,* 999 F.3d 442 (6th Cir. 2021). Because Brown has not shown an extraordinary and compelling reason warrants a modification to his sentence, he is not entitled to compassionate release.

---

[2] Brown has also failed to inform the Court of his vaccination status or any reason why he could not already be fully vaccinated.

Accordingly, for the reasons stated herein, the Court DENIES Brown's pending Motion for Reduction in Sentence on Compassionate Grounds. ECF Doc. 244.

**IT IS SO ORDERED.**

Dated: April 15, 2022

*s/Dan Aaron Polster*
United States District Judge